# 95 DTA 169

**ESTADO LIBRE ASOCIADO DE PUERTO RICO EN EL TRIBUNAL DE
CIRCUITO DE APELACIONES DE PUERTO RICO
CIRCUITO REGIONAL VI DE CAGUAS/HUMACAO/GUAYAMA
PANEL I**

MANUEL ANGEL GARCIA LABOY.
Recurrido

v.

FELIX AGOSTO REYES, JANE DOE Y LA SOCIEDAD LEGAL
DE GANANCIALES COMPUESTA POR AMBOS
Peticionario - Recurrente

Núm. KLCE-95-00279

San Juan, Puerto Rico, a 31 de mayo de 1995

Panel integrado por su presidente, Juez señor Amadeo Murga
y los Jueces señora Pesante Martínez y señor Rivera Pérez

Señor Amadeo Murga, Juez Ponente

**TEXTO COMPLETO DE LA RESOLUCION**

Se recurre de la decisión del Tribunal de Primera Instancia negándose a dictar sentencia

sumaria desestimando la reclamación instada por el demandante contra el demandado y la Sociedad Legal de Gananciales compuesta por éste y su señora esposa. La moción de sentencia sumaria presentada por los demandados estaba amparada en la alegada aplicación de la doctrina de cosa juzgada a base de que había una adjudicación anterior en un pleito instado por el demandante contra el Municipio de Cidra por los mismos hechos que dan base a la presente reclamación. Sin embargo, en aquella acción no se incluyó entre los demandados al demandado en su carácter personal, ni a su esposa, ni a la sociedad legal de bienes gananciales compuesta por éstos█ Dicho pleito se adjudicó a favor del Municipio de Cidra. El demandado sostiene que la decisión del pleito impide la celebración del pleito que motiva el presente recurso por cuanto los hechos han sido ya adjudicados.

La aplicación de la doctrina de cosa juzgada requiere que concurran una serie de requisitos que, según nuestro criterio, no se cumplen en la situación que se nos presenta. Por ello denegamos la expedición del recurso.

Los hechos son sencillos. Los demandantes-recurridos instaron ante el Tribunal Superior, Sala de Caguas, un pleito en cobro de dinero contra el Municipio de Cidra. En el mismo alegaron que el Municipio, por conducto del entonces Alcalde, hoy demandado, Dr. Félix Agosto Reyes, contrató los servicios de la parte demandante para la realización de un proyecto de estudio del Lago de Cidra así como de otros asuntos. Nunca se formalizó un contrato por escrito acerca de la prestación de los servicios profesionales. Alegó el demandante que se le adeudaban los servicios en cuestión.

En dicho pleito la parte demandada, el Municipio de Cidra, levantó como defensas que el alegado contrato era nulo así como la ausencia de parte indispensable o sea la persona del Alcalde Félix Agosto Reyes. Tal como anticipamos, el pleito terminó de manera favorable para el Municipio de Cidra mediante una sentencia sumaria en la cual el Tribunal adjudicó la inexistencia, nulidad y carencia de efecto jurídico del alegado contrato entre las partes. Añadió que el Alcalde de Cidra *"sin cumplir con las formalidades de rigor, supuestamente llevó a cabo un acuerdo con los demandantes para un estudio conducente a la limpieza y al acondicionamiento del Lago de Cidra. No sometió el mismo a la consideración de la Asamblea Municipal, no separando ésta última fondos mediante partida presupuestaria alguna para el pago de dicho contrato"*.

Como antes expresamos, el ex-alcalde de Cidra Dr. Félix Agosto Reyes no formó parte en dicho litigio.

Posteriormente, ya final y firme la sentencia del caso antes relacionado, la parte demandante instó un nuevo pleito, esta vez contra la parte aquí demandada-recurrente. Esta contestó dicha demanda y presentó la defensa afirmativa de la aplicación de la doctrina de cosa juzgada. El 1 de marzo de 1995 solicitó se dictara sentencia sumaria a base de los hechos relatados.

La parte demandante se opuso alegando que no se trataba de las mismas partes. El Tribunal de Instancia, ante los planteamientos de la moción de oposición, declaró sin lugar la solicitud de sentencia sumaria presentada por el demandado-recurrente.

**I**

Actuó correctamente el Tribunal de Instancia al declarar sin lugar la solicitud de Sentencia Sumaria.

Para que la doctrina de cosa juzgada pueda aplicarse a los hechos en un pleito posterior debe haber la más perfecta identidad de partes. Véase Artículo 1204, Código Civil, 31 L.P.R.A. § 3343. En este caso sucede que aunque la parte demandante es la misma, la

demandada no lo es. Recordemos que el ex-alcalde, aquí demandado, nunca formó parte del pleito anterior.

En la sentencia del Tribunal Superior en el caso contra el Municipio de Cidra sirvió de fundamento jurídico el que cualquier servicio prestado al Municipio de Cidra por los demandantes no estuvo conforme con los requisitos que gobiernan la contratación con entidades municipales por lo cual el contrato carecía de validez jurídica. Nada de esto impide que en un nuevo pleito se reclame contra el demandado en su carácter personal a base de cualquier responsabilidad en que éste pudiera haber incurrido con la parte demandante en las negociaciones entre éstos según alegados en la demanda. Esta es una causa de acción contra una persona distinta quien no queda cubierta por la aplicación de la doctrina de cosa juzgada. *Ramos González v. Félix Medina,* 121 D.P.R. 312 (1988).

El señalamiento que hace la parte demandada-recurrente en cuanto a que él era parte indispensable en el pleito anterior y no fue incluido como tal no es suficiente para que se aplique a la situación actual la excepción de cosa juzgada. Hubiese sido fundamento para desestimar la demanda original pero no para aplicarla. Regla 16 de Procedimiento Civil T. 32 Ap. III.

Tampoco tiene razón la parte recurrente al sostener que es aplicable la excepción de cosa juzgada en la modalidad de fraccionamiento de causa de acción. Dicha modalidad de la doctrina se aplica cuando una parte presenta contra otra varias causas de acción pero excluye otras que podía haber litigado en ese momento contra dicha parte. *Mercado Rivera v. Mercado Rivera,* 100 D.P.R. 940 (1972). La norma jurídica establece que una parte debe incoar contra las otras todas las causas de acción o reclamaciones que tenga en el momento de la presentación del pleito. Aquellas excluidas pero que pudieron litigarse y no se litigaron quedan amparadas por la doctrina de cosa juzgada. No obstante, la doctrina de cosa juzgada no es aplicable a favor de todos los demandados cuando un demandante, quien ha tenido la oportunidad de demandar a todos los demandados por una causa de acción, escoge demandar a uno o algunos de ellos, salvo que exista una solidaridad jurídica entre los demandados. *Lugo v. Bartolomei,* 46 D. P.R. 670 (1934).

La relación del demandado con el Municipio de Cidra no presenta un vínculo tal de solidaridad que aquél pueda aprovecharse de la sentencia a favor del municipio. La solidaridad a la que se refiere la doctrina es en cuanto a aquellos pleitos en que el litigante en el segundo pleito se apoya en los mismos títulos que el primer litigante como sucede en el caso de herederos o causahabientes en relación con los bienes del finado. *Araujo v. Arenas,* 60 D.P.R. 284 (1942).

Tampoco es aplicable la doctrina de la cosa juzgada bajo su modalidad de impedimento colateral por sentencia utilizado defensivamente, *A & P Gen. Contrators v. Asoc. Caná,* 110 D. P.R. 753, 758 (1981). Como se dijera en *Rodríguez Rodríguez v. Colberg et al,* **92 J.T.S. 102** a la página 9795:

*"Tanto la doctrina de Cosa Juzgada como su modalidad de impedimento colateral persiguen como propósitos el proteger a los litigantes contra lo que representa defenderse o probar su reclamaciones en repetidas ocasiones tratándose de la misma controversia; promover la economía judicial y administrativa al evitar litigios innecesarios y evitar decisiones inconsistentes".*

Más adelante añadió.

*"El requisito de identidad de partes en la Cosa Juzgada y en su modalidad de impedimento colateral, el cual reafirmamos en A & P General Contrators v. Asoc. Caná,*

*supra sigue la Regla de la Mutualidad, que prohibe la alegación de Cosa Juzgada 'contra una parte: a menos que ésta fuera parte original o se hallare en relación mutua (privity) con otra...' ".*

En el presente caso como, en *Rodríguez Rodríguez v. Colberg, supra,* no se da el requisito de la mutualidad (privity) entre el Municipio de Cidra y el demandado Agosto Reyes. En el pleito anterior contra el Municipio, el Municipio no era realmente una parte nominal ni el Alcalde realmente la parte verdaderamente interesada. El Municipio pudo haber sido responsable sin que se le impusiera responsabilidad a su Alcalde. Tampoco la causa de acción contra el Municipio era necesariamente la misma que hoy se esgrime ahora contra el ex-alcalde. En el presente caso se alega una causa de acción personal contra el ex-alcalde en sus relaciones con el demandante. Compárese *Pol Sella v. Lugo Christian,* 107 D.P.R. 540 (1978).

No concurriendo las condiciones que sostengan la aplicación de la doctrina en ninguna de sus modalidades se declara sin lugar el recurso.

Así lo acordó el Tribunal y lo certifica la Secretaria General.

María de la C. González Cruz
Secretaria General

**ESCOLIO 95 DTA 169**

**1.** Para la fecha en que se ventiló la reclamación anterior, el demandado-recurrente era Alcalde del Municipio de Cidra.