Rossy García, Juez Ponente
*1087 TEXTO COMPLETO DE LA SENTENCIA
La apelante, BCP Construction Caribbean, solicita la revocación de una sentencia emitida el 11 de mayo de 1995 por el Tribunal de Primera Instancia, Sala Superior de San Juan, Hon. Pedro López Oliver, Juez, copia de cuya notificación fue archivada en autos el 18 de mayo de 1995. Mediante ésta desestimó sumariamente la demanda instada por la aquí apelante en el caso KCD940365, luego de resolver que la sentencia emitida en el caso KAC92-1265 "constituye cosa juzgada, no sólo con relación a las cuestiones planteadas, sino también con los que se pudieran plantear y adjudicar con propiedad en el mismo". 
Inconforme con dicho dictamen, BCP presentó el escrito de apelación que nos ocupa imputando la comisión de los siguientes errores:

"1. Cometió error el Honorable Tribunal de Instancia al dictar sentencia bajo el fundamento de la Doctrina de Cosa Juzgada y aplicarla en forma inflexible sin un análisis de los hechos originales que dieron lugar a la Reclamación de Cobro de Dinero (sic).

2. Cometió error el Honorable Tribunal de Primera Instancia al dictar sentencia desestimando la demanda bajo el fundamento de que existe la más perfecta identidad de las cosas, causas que se litigaron."

Encontrándonos en condición de dictaminar luego de un análisis del recurso instado a la luz del derecho aplicable y la jurisprudencia interpretativa, resolvemos que no se cometieron los errores imputados y que resulta procedente confirmar la sentencia apelada.
I
Los hechos que dieron base al presente recurso se remontan al 7 de abril de 1992, fecha en que la Autoridad de Energía Eléctrica (en adelante, "la Autoridad"), luego de la correspondiente invitación a subasta y adjudicación de la misma a la parte apelante, expidió la Orden de Compra Núm. RA-81947 (SE) a favor de BCP Caribbean Construction, para realizar trabajos de reaislación en la Unidad Número 4 de la Central Costa Sur, por la suma de $245,965.97. Dicha Orden disponía entre sus especificaciones que "[l]a movilización será dos (2) días después de la notificación por parte de la División de Conservación". Disponía además que "[ejl contratista [tenía] que someter dentro de diez (10) días de adjudicada la orden: 100% de la Fianza de Ejecución, 100% de la Fianza de Pago y Póliza del Fondo del Seguro del Estado" Expresamente se dispuso que "[djel suplidor no cumplir con este requisito, la Autoridad se reserva el derecho de cancelar la orden". A tenor con la referida especificación, el 12 de abril de 1995, el Ingeniero Juan Ruiz, de la Central Termoeléctrica Costa Sur, ordenó la movilización de la aquí apelante, así como la prestación inmediata de los servicios de reaislación contratados.
Se desprende de los autos que poco después de iniciarse las obras, el 15 de mayo de 1992, el Ledo. Wilfredo Pantojas, actuando en capacidad de Jefe de la División de Suministros de la Autoridad, notificó a la aquí apelante la cancelación de la Orden de Compra RA-81947 (SE), ello por razón de que BCP "no cumplió con los requisitos de la subasta, fianza de ejecución y fianza de pago". Contra esta determinación de la División de Suministros la aquí apelante interpuso moción de reconsideración el 28 de mayo de 1992 ante la Secretaría de Procedimientos Adjudicativos de la Autoridad de Energía Eléctrica. En su comparecencia, impugnó la cancelación de la orden de compra al sostener que, contrario a lo expresado por el Jefe de la División de Suministros, ella satisfizo las fianzas de ejecución y de pago, pero que la Autoridad se negó a aceptarlas. También adujo, en apoyo de su solicitud, que la posterior adjudicación de la orden de compra a favor de J.R. Insulation Sales and Services, Inc., contravenía lo expresamente consignado en el pliego de la subasta, ya que la mencionada compañía alegadamente no había prestado las fianzas requeridas. 
No existe controversia con respecto a que la Secretaría de Procedimientos Adjudicativos no tomó *1088 acción alguna sobre la protesta interpuesta por la apelante. Esta admite también que, al haber transcurrido el término de diez (10) días para solicitar revisión judicial de la decisión administrativa prescrito en la sección 4.2 de la Ley 170 de 12 de agosto de 1988, la decisión de cancelar la Orden de Compra RA-81947 (SE) advino final y firme. Ante esta realidad es que la apelante expone que decidió no solicitar la revisión judicial "por entender que el procedimiento más adecuado era continuar separadamente con una acción civil de daños y perjuicios y cobro de dinero". Fue así como el 8 de julio de la representación legal de la apelante le envió al Jefe de la División de Suministros, Ing. Edwin Miranda Vélez, una carta de cobro, la cual expresa en lo pertinente como sigue:

"Cuando el Ingeniero Juan Ruiz dio la orden de movilización y comienzo del trabajo, mi cliente comenzó a incurrir en gastos. En este caso ya habían comenzado los trabajos y la Autoridad se benefició de los mismos.

En vista de lo anterio [sic] le someto el desglose de gastos que incurrió (sic) nuestro cliente por la suma de $68,345.48 para que los mismos sean pagados por la Autoridad, dentro del término de quince (15) días." 

La Autoridad se negó a pagar la suma así reclamada por la apelante, por lo que ésta procedió a presentar el 16 de septiembre de 1992 una demanda sobre violación de contrato, cobro de dinero y daños y perjuicios, caso Civil Núm KAC-92-1265. Contra dicha reclamación la Autoridad interpuso una moción de desestimación fundamentada en que BCP no podía valerse del procedimiento judicial para instar una reclamación que debió haberse tramitado por la vía administrativa. Argumentó así que al abandonar la apelante el trámite administrativo que había iniciado ante la agencia para impugnar la decisión de cancelar la orden de compra antes aludida, el dictamen de la Autoridad había advenido final y firme, careciendo de jurisdicción el tribunal para considerar la acción instada.
El tribunal a quo acogió los planteamientos esbozados por la Autoridad y emitió sentencia desestimando la reclamación de la aquí apelante. Las expresiones que a continuación citamos recogen el fundamento decisorio en el caso KAC-92-1265:

"La parte demandante en el caso de epígrafe ha recurrido en primera instancia con un vehículo judicial inapropiado, somete su escrito ante el Tribunal una vez vencido el término jurisdiccional de diez (10) días, tratando de lograr que este foro acoja unos planteamientos ya alegados y rechazados de plano por la Agencia Administrativa conforme la Ley 170, supra, a la cual se sometió voluntariamente. Cuando la parte demandante recurre al Tribunal, utilizando una acción judicial inapropiada conforme a la jurisdicción que ya se había sometido, sometió su escrito al Tribunal vencido el plazo para someterlo. Los trámites señalados por la Ley 170, supra, son unos de carácter jurisdiccional y, por ende, impide [sic] que este Tribunal pueda asumir jurisdicción sobre el asunto traído ante su consideración." 

Denegada como fue una moción de reconsideración oportunamente presentada, la aquí apelante acudió ante el Tribunal Supremo de Puerto Rico mediante recurso de revisión. Dicha alta superioridad, mediante Resolución de 1 de julio de 1994, denegó el recurso presentado. Advino así final la sentencia desestimatoria emitida en dicho caso. 
Una semana luego de que el Tribunal Supremo emitiera la resolución antes indicada, esto es, el 8 de julio de 1994, la aquí apelante instó nueva demanda en cobro de dinero, reclamando esta vez la suma de $106,095.48. Contra dicha reclamación compareció la Autoridad el 8 de noviembre de 1994 mediante "Moción de Desestimación". Notificada como fue dicha acción, la aquí apelada solicitó su desestimación invocando la defensa de cosa juzgada en su modalidad de fraccionamiento de la causa de acción. Luego de una serie de incidentes procesales que resulta innecesario reseñar, el foro de instancia, Hon. Pedro López Oliver, Juez, acogió los planteamientos de la Autoridad y emitió la sentencia que es objeto del recurso que nos ocupa en el caso KCD94-0365, disponiendo la desestimación de la demanda. ...
II
La doctrina de cosa juzgada, o res judicata, cuya base estatutaria la encontramos en el Artículo *1089 1204 del Código Civil, 31 L.P.R.A. sec. 3343, tiene el efecto de evitar que en un pleito posterior se litiguen cuestiones que ya fueron o que pudieron haber sido litigadas y adjudicadas en un pleito anterior entre las mismas partes y sobre la misma causa de acción y cosas. Pagan Hernández v. U.P.R.. 107 D.P.R. 720, 733 (1978); Mercado Riera v. Mercado Riera, 100 D.P.R. 940, 950 (1972); Isaac Sánchez v. Universal C.I.T. Credit, 95 D.P.R. 372, 382 (1967). Dicha doctrina está cimentada en consideraciones de necesidad y orden público y tiene como propósito cardinal poner fin a los litigios luego de haber sido adjudicados de forma definitiva, así como garantizar la certeza y la seguridad con respecto a los derechos declarados por resolución judicial, evitando gastos adicionales para el Estado y para los litigantes. Worldwide Food Dist. v. Colón Bermúdez, 135 D.P.R. (1993), 93 J.T.S. 114, a la pág. 10966. Es decir, se pretende dar virtualidad al interés del Estado en que se le ponga fin a los litigios, dando a la vez debida dignidad a los fallos de los tribunales. Por otro lado, constituye esta doctrina, cuando es aplicable, vehículo para que no se someta en dos ocasiones a un ciudadano a las molestias que supone litigar la misma causa. Pérez v. Bauzá, 83 D.P.R. 220, 225 (1961). Precisamente sobre la base de este propósito de promover la finalidad y reposo de las controversias judiciales se ha resuelto en reiteradas ocasiones que, como regla general, una sentencia tiene efecto de cosa juzgada aunque sea errónea. Ramos González v. Félix Medina, 121 D.P.R. 312, 339 (1988).
Veamos ahora si en la situación particular del caso que nos ocupa están presentes los presupuestos que harían procedente la aplicación de la doctrina de cosa juzgada, a saber: que entre el caso resuelto y aquel en que sea invocada la defensa concurra la más perfecta identidad entre los objetos o cosas, las causas, las personas de los litigantes, y la calidad con que lo fueron. Artículo del Código Civil, supra. Se requiere además, que la sentencia se haya dictado con jurisdicción y en ausencia de fraude. Lausell Marxuach v. Díaz de Yañez, 103 D.P.R. 533, 537 (1975)
Considerando inicialmente el requisito de identidad de cosas, la jurisprudencia ha definido la "cosa" como "el objeto o materia sobre la cual se ejercita la acción" A. & P. General Contractors v. Asociación Caná, 110 D.P.R. 764 (1981). Un criterio certero para determinar la identidad del objeto es el siguiente: "si un juez está expuesto a contradecir una decisión anterior afirmando un derecho nacido o naciente, hay identidad de objeto y cosa juzgada" Lausell Marxuach v. Díaz de Yañez, supra, a la pág. 535. En cuanto a este extremo nos comenta Scaevola:
"Puede tratarse de la absoluta identidad, en el sentido de que el segundo pleito se refiera a la finca objeto mismo sobre que versó el primero, pero en general basta que se refiera al mismo asunto, aunque en el uno se abordase totalmente y sólo parcialmente en el otro, y aunque las cosas hayan sufrido disminución o alteración desde el primero al segundo, que afecte su valor o alguna otra de sus condiciones." Scaevola, Comentarios al Código Civil Español, 2da. ed., Madrid, 1958, Tomo XX, pág. 534.
No debe existir duda alguna en cuanto a que en el caso de autos está presente este primer requisito para que se pueda dar aplicación a la doctrina de cosa juzgada. Basta con señalar que el "objeto o materia sobre la cual se ejercita la acción", tanto en el caso KAC92-1265 como en el KDC94-0365, lo es el cobro de dinero por los servicios y labor realizada por la apelante a la Autoridad con anterioridad a la cancelación de la Orden de Compra RA-81947, el 15 de mayo de 1992.
En lo atinente al requisito de identidad de causa, se refiere al "motivo de pedir", lo cual significa el fundamento capital u origen de las acciones o excepciones planteadas y resueltas. Scaevola, supra, a la pág 535. Sobre el concepto de identidad de causa, el Tribunal Supremo de Puerto Rico recogió la trayectoria jurisprudencial en la decisión de Mercado Riera v. Mercado Riera, supra, y concluyó que el factor determinante de la identidad de causa era si las dos acciones "constituyen o no una misma causa de acción", no en el sentido de que el título de la reclamación sea el mismo (e.g. "cobro de dinero"), sino en el sentido de que el motivo de la demanda tenga el mismo origen, de manera que resulte obligatorio para la parte demandante acumular sus reclamaciones. Ibid., a la pág. 951. 
En el caso que nos ocupa, también existe identidad en la causa o "motivo de pedir", ya que las dos demandas incoadas por la aquí apelante se fundan en el alegado incumplimiento de la Autoridad con su obligación de pagar por los trabajos realizados por la apelante. Se trata pues, de la misma causa de acción, siendo la prueba necesaria para establecer tales reclamaciones la misma. La única prueba adicional, a base de las alegaciones, sería aquella dirigida a establecer las sumas adicionales *1090 reclamadas en el caso KCD94-0365. Ahora bien, el hecho de que la aquí apelante pretendiera obtener una suma mayor en el segundo pleito en modo alguno afecta la identidad, toda vez que "[el] remedio [...] no es un elemento integrante de la causa de acción". Mercado Riera v. Mercado Riera, supra, págs. 952-953.
En lo que respecta a la identidad de los litigantes, ninguna controversia puede existir en cuanto a que se cumple con esta exigencia por ser las mismas partes en ambos pleitos. En cuanto a este extremo el propio Artículo 1204 del Código Civil, supra, dispone que "se entiende que hay identidad de personas siempre que los litigantes en el segundo pleito sean causahabientes de los que entendieron en el pleito anterior, o estén unidos por vínculos de solidaridad o por los que establece la indivisibilidad de las prestaciones" 31 L.P.R.A. see. 3343. Obviamente, los ejemplos que nos provee el propio artículo son ilustrativos de aquellas situaciones en que los litigantes no son físicamente los mismos en el primer pleito y en el segundo.
En lo atinente a la "calidad" en que las partes litigaron en el primer pleito y aquél en que se invoca la defensa de cosa juzgada, Manresa se ha expresado en los siguientes términos: "La calidad en que las partes lo fueron se refiere a su relación con los derechos y acciones que se ejercitan, y así cabrá que renueve un litigio el que por derecho propio reclame una cosa, si luego lo hace como mandatario, cesionario o heredero de otra persona." Manresa, Comentarios al Código Civil Español, 5ta ed., Madrid, Tomo VIII, vol. II, págs 243-244.
Concluimos que en el caso que nos ocupa también están claramente presentes los requisitos referentes a la identidad de las personas y la calidad en que lo fueron. En ambos casos la apelante figura como demandante y la Autoridad como parte demandada. Se encuentran así en la misma posición con respecto a los derechos, acciones y defensas que se ejercitan en ambos litigios.
Por último y según ya indicado, para que la presunción de cosa juzgada pueda tener su efecto preelusivo, se requiere que se haya emitido una sentencia válida adjudicando con finalidad la reclamación del demandante. Ello presupone que la sentencia original que luego se invoca en apoyo de la defensa haya sido dictada por un tribunal con jurisdicción. Se ha resuelto así en reiteradas ocasiones que "[e]s requisito indispensable para la aplicación de la defensa de cosa juzgada que el tribunal haya actuado con jurisdicción", J.R.T. v. Hospital de la Concepción, 114 D.P.R. 372, 381 (1983); Tartak v. Tribunal de Distrito, 74 D.P.R. 862, 870 (1953); Muñoz v Pardo, 68 D.P.R. 612, 616-618 (1948), pues concluir lo contrario sería incompatible con el requisito de que la decisión anterior haya resuelto en sus méritos la controversia jurídica de que se trate. En el caso que nos ocupa esta última exigencia también está presente y no es objeto de controversia.
Recapitulando y como bien expresara el tribunal de instancia en la sentencia que es objeto del recurso que nos ocupa:
"El hecho de que la parte demandante haya aumentado su reclamación en este caso no altera la anterior conclusión ya que, como se sabe, una sentencia dictada en un pleito anterior, al advenir final y firme, constituye cosa juzgada, no solo [sic] con relación a las cuestiones planteadas, sino también con las que se pudieron plantear y adjudicar con propiedad en el mismo. Mercado Riera v. Mercado Riera, 100 D.P.R. 940, 950 (1972); ELA v. Soc. Civil Agrícola, 104 D.P.R. 392, 399 (1975) y otros casos citados por la propia parte demandante.

La parte demandante hace especial énfasis [...] en consideraciones de equidad, presumiendo que el Tribunal tiene una mayor discreción de la que tiene en este campo. Dichos planteamientos debieron haberse hecho, si es que no se hicieron, ante el Tribunal Superior en el caso anterior y ante el Tribunal Supremo. Luego de la sentencia del Tribunal Superior y de la Resolución del Tribunal Supremo resolviendo la primera, los planteamientos de equidad fueron resueltos y este Tribunal no tiene discreción para volver a entrar en los mismos. Consideramos que sería una falta mayor de este Tribunal acceder a las pretensiones de la parte demandante a base de sus argumentos que atañen a la corrección de la determinación del Tribunal Superior y del Honorable Tribunal .Supremo de Puerto Rico en el caso previamente radicado y desestimado." 

Concluimos así que en el caso que nos ocupa están presentes los requisitos que justifican y hacen *1091 procedente la aplicación de la doctrina de cosa juzgada, por lo que no se cometieron los errores imputados. Resulta procedente en consecuencia confirmar la sentencia apelada.
ni
Por los fundamentos antes expuestos se confirma la sentencia apelada.
Lo acuerda el Tribunal y lo certifica la Secretaria General
María de la C. González Cruz
Secretaria General
ESCOLIOS 95DTA279
1. Véase Sentencia, Apéndice de la Apelación, pág. 93.
2. La descripción específica de los servicios que se comprometió a proveer la aquí apelante es la siguiente: Para proveer toda supervisión, trabajos, herramientas, equipo y materiales de aislación para realizar todo el trabajo requerido en relación a (sic) la reaislación de la Unidad Núm 4 de la Central Costá Sur, según el Alcance de Trabajo que se acompaña, identificado como Apéndice A.
Véase exhibit 1, pág. 1 del Apéndice de la Apelación.
3. Véase nota al calce 1, supra.
4. Véase "Notice of Purchase Order Cancellation", Exhibit II, pág. 5 del Apéndice.
5. Véase "Moción Solicitando Reconsideración", alegación número 5, exhibit HI, pág. 7 del Apéndice.
6. Id., alegación núm. 6.
7. Ley de Procedimiento Administrativo Uniforme, 3 L.P.R.A §2172.
8. Véase pág. 3 del escrito de Apelación.
9. Véase exhibit 4, págs. 10-11 del Apéndice.
10. Véase Sentencia del caso KAC92-1265, exhibit 9, pág. 34 del Apéndice.
11. Véanse exhibits 10 (Moción Solicitando Reconsideración), 11 (Oposición a Moción Solicitando Reconsideración de Sentencia) y 12 (Notificación de orden declarando No Ha Lugar moción de reconsideración), págs. 36-54 del Apéndice.
12. Véase Resolución de 1 de julio de 1994, exhibit 13, pág. 55 del Apéndice, en la cual el Tribunal expresa que concurre con los fundamentos consignados en la sentencia del foro a quo en lo atinente a la falta de jurisdicción.
13. La diferencia con respecto a la suma reclamada en el caso KAC92-1265 se debe, según alega la apelante, a una auditoría realizada con posterioridad a la radicación del primer caso. Véase nota al calce 2 de la "Oposición a Moción de Sentencia Sumaria y/o Desestimación", exhibit 16, pág 68 del Apéndice.
14. Véase Moción de Desestimación, exhibit 15, pág. 57 del Apéndice.
15. El archivo en autos de copia de la notificación de dicha sentencia se verificó el 18 de mayo de 1995.
16. Dicho artículo dispone en lo que resulta pertinente como sigue:
*1092 'Tara que la presunción de cosa juzgada surta efecto en otro juicio, es necesario que entre el. caso resuelto por la sentencia y aquél en que sea invocada, concurra la más perfecta identidad entre las cosas, las causas, las personas de los litigantes y la calidad con que lo fueron. "31 L.P.R.A. see. 3343.
17. En dicha decisión, el Tribunal Supremo enumeró algunos criterios esbozados por la jurisprudencia norteamericana que facilitan al juzgador en su determinación relativa a si existe identidad de causa, tales como "(1) si el mismo derecho ha sido infringido por la misma violación, (2) si hay una identidad tal que una sentencia diferente en la segunda acción destruiría o afectaría derechos o intereses establecidos por la primera sentencia, (3) identidad de fundamentos, (4) si la misma evidencia sostendría ambas sentencias". Id., a la pág. 951.
18. Véase Apéndice de la Apelación, págs. 93 y 94. (Subrayado nuestro)