LUIS E. COLON, ETC.
Demandante

v.

MAXIMINO FAGUNDO, ETC.
Demandado

CIVIL NUM. KAC 96-1005 (901)

# I

El 30 de julio de 1996, Luis E. Colón por sí y en representación de la sociedad legal de gananciales constituida por él y su esposa, presentaron demanda contra Maximino Fagundo, su esposa y la sociedad legal de gananciales compuesta por éstos. Alega que la parte demandada, en calidad de arrendador, incumplió deliberadamente con un contrato de arrendamiento y el *"adendo"* al mismo que existía entre ellos al no haber mantenido a los arrendatarios, aquí demandantes, en el completo uso y disfrute pacífico de la totalidad del inmueble arrendado. Alega que por causa de las actuaciones culposas de los demandados tuvieron que desalojar a unos subarrendatarios con los que habían contratado. Que las actuaciones de la parte demandada en violación al contrato y las actuaciones de interferencia en las aludidas relaciones contractuales entre los demandantes Colón y sus subarrendatarios le han causado alegadamente los siguientes daños: cánones de sub-arrendamiento dejados de percibir ascendentes a $114,550.00; ingreso neto dejado de percibir por $351,473.00, en la alternativa la plusvalía del negocio, $420,000.00; sufrimientos y angustias mentales y daños emocionales, $200,000 más los intereses según lo provee la ley.

Solicita la parte demandante que este Tribunal ordene la indemnización de los daños descritos en el precedente párrafo más las costas y gastos del pleito y la suma de $50,000.00 en concepto de honorarios de abogado.

Emplazados los demandados, la parte demandante presentó moción solicitando se dicte Sentencia Sumaria fundamentada en la inexistencia de controversias materiales de hechos, ya que según alega, los hechos relacionados en este caso surgen de una Sentencia final y firme emitida por el Tribunal Supremo; que procede que se dicte Sentencia Sumaria dejando para vista únicamente la determinación sobre la cuantía de los daños causados y reclamados en la demanda. La parte demandada contestó la demanda; en síntesis admite la existencia de un contrato entre las partes, pero niega el incumplimiento del mismo, así como cualquier actuación torticera de su parte. Las defensas afirmativas más sobresalientes presentadas por el demandado son las siguientes: que las causas de acción y daños están prescritas; cosa juzgada; impedimento colateral por Sentencia y el fraccionamiento de la causa de acción. Además solicita la desestimación de la demanda y solicita se dicte Sentencia Sumaria a su favor por dos fundamentos. Primero, que existe cosa juzgada en cuanto a algunos de los daños que se reclaman y falta de causa de acción en cuanto los restantes daños reclamados.

# II

De las admisiones hechas por la parte demandada y que surgen de su contestación a la demanda y de las mociones de Sentencia Sumaria y documentos presentados, tomado conocimiento judicial de los casos adjudicados con éstas, relacionamos los siguientes hechos:

1. El matrimonio Fagundo es dueño y lo era para el 31 de octubre de 1986 del inmueble donde para dicha fecha estaba localizado un negocio de nombre *" Fine Food Center".*

El inmueble es el que se describe a continuación:

*"URBANA: Solar de CUATROCIENTOS CINCUENTA METROS CUADRADOS, radicado en el Barrio de Santurce de San Juan, en lindes por el Norte, en quince metros con el Boulevard Simón Bolívar, también conocido por Avenida Condado; por el Sur, en quince metros con el solar número dieciocho de la Urbanización Piedrahita de Fernández y Fernández; por el Este, en treinta metros con el solar segregado; por el Oeste, en treinta metros con la calle Santiago Iglesias. Enclava una casa de hormigón de una sola planta que contiene una terraza al frente y esquina a Calle Santiago Iglesias; su techo, sala, comedor, tres dormitorios, baño completo, baño con pileta, cocina y pantry, galería, garaje, cuarto de lavado, cuarto de servicios en los altos del cuarto de lavado con un área total de construcción de Dos Mil Cuatrocientos Cincuenta y Nueve (2,459) pies cuadrados. Es segregación de la finca número Diez Mil Setecientos Cincuenta y Seis (10,756), inscrita al Folio Doscientos Catorce (214) del Tomo Doscientos Noventa y Dos (292) de Santurce, Norte."*

Los Fagundo suscribieron un contrato de arrendamiento con los demandantes para la fecha de 31 de octubre de 1986 el cual fue preparado, redactado y la firma de los comparecientes notariada por el abogado de los Fagundo.

Los términos del contrato atinentes son:

a. *"PRIMERA: Los ARRENDADORES arriendan a los ARRENDATARIOS en el estado en que está con todos sus usos el local donde está ubicado el negocio FINE FOOD CENTER por un término de 10 años a partir de la fecha en que se firme este contrato."*

b. *"SEGUNDA: El canon de arrendamiento será pagadero por meses adelantados, y durante los primeros 60 meses del contrato será de $1,400.00 mensuales. Del mes 61 al mes 90 el canon será de $1,700.00 mensuales y del 91 al 120 será de $1,900.00 mensuales."*

.....................

c. *"DECIMA: Este contrato de arrendamiento no incluye ni un apartamento, ni un garaje, ni un mirador que están contiguos al local donde estaba establecido el negocio Fine Food Center."*

d. *"DECIMO TERCERA: En relación a la propiedad que menciona la cláusula DECIMA de este contrato, los ARRENDATARIOS tendrán la primera opción de arrendar la misma según se desaloje."*

5. El 5 de febrero de 1988 la parte demandante y la parte demandada convinieron añadir un *"Adendo"* al Contrato de Arrendamiento suscrito el 31 de octubre de 1986.

6. La *"alegación"* número cuatro el *"Adendo"* expone:

*"Bajo las mismas cláusulas y condiciones expuestas en el Contrato de Arrendamiento de 31 de octubre de 1986, los ARRENDADORES le arrienda a los ARRENDATARIOS el resto del local donde se encuentra el negocio Fine Food Center a un canon mensual de $600.00 por un término igual al que reste del Contrato de Arrendamiento de 31 de octubre de 1986. Los ARRENDATARIOS depositarán una fianza adicional de $600.00 mensuales."*

7. El 31 de mayo de 1991 el matrimonio Colón-Vázquez presentó contra los esposos Fagundo-Rodríguez demanda sobre cumplimiento específico de contrato y daños y perjuicios en el Tribunal Superior, Sala de San Juan, Caso Civil Núm. KAC-91-0883, en el cual se dictó Sentencia Parcial el 2 de abril de 1993 y Sentencia final el 20 de septiembre de 1993. En la demanda los esposos Colón adujeron como causas de acción el hecho de que la parte aquí demandada a pesar de que había acordado arrendarle a los demandantes el resto de los locales de la propiedad objeto del contrato de arrendamiento de 31 de octubre de 1986, en violación a lo pactado en el *"adendo"* se negaron a reconocer que el matrimonio Colón arrendó dichos espacios y alentaron a los inquilinos de dichos locales a que no reconocieran a los Colón como sus nuevos arrendadores en virtud del adendo por lo que los aquí demandantes se vieron obligados a presentar varias acciones de desahucio y en cobro de dinero contra los inquilinos. Además, los demandantes basaron su causa de acción en que el matrimonio Fagundo se habían negado irrazonablemente a prestar su anuencia, tal como se había pactado, a que los primeros vendieran el negocio *"Fine Food Center"*. Solicitaron del Tribunal que ordenara a los demandados el pago de $500,000 en concepto de la pérdida que las actuaciones deliberadas del demandado le habían ocasionado; el pago de $2,000 mensuales por concepto de gastos de administración incurridos en ese momento más los intereses que correspondían a los dineros a recibirse de la venta que se perdió, más los daños aún no recibidos de los inquilinos que se encontraban en los espacios.

8. La Sentencia Parcial de 2 de abril de 1993 resolvió que le asistía la razón a los demandados toda vez que la negativa de éstos a prestar su anuencia para la venta de *"Fine Food Center"* no fue una irrazonable, a la vez que desestimó la demanda interpuesta, en contra de todos los demandados. En dicha ocasión los aquí demandantes no acudieron en alzada ni al procedimiento de revisión que tenían disponible. La Sentencia dictada el 20 de septiembre de 1993 se limitó a declarar con lugar la reconvención presentada por el co-demandado Teodoro Matos. La parte aquí demandante tampoco recurrió de dicha Sentencia.

9. El 14 de julio de 1996 el Tribunal Supremo dictó Sentencia en el recurso de revisión núm. 92-433. El objeto de esta revisión lo fue la Sentencia dictada por el Tribunal Superior, Sala de San

Juan, en el caso civil núm. KAC-90-1685, sobre cobro de dinero; demanda presentada por Luis Colón contra Robert Vanbever, Condado Window y Frank Vanbever. En dicha Sentencia el Tribunal reconoció que en efecto los esposos Fagundo en virtud del *"Adendo"* al contrato de 31 de octubre de 1986 habían extendido el arrendamiento a los locales que fueron excluidos en el contrato de arrendamiento original por lo que los demandados se convirtieron en subarrendatarios de los esposos Colón. El Tribunal Supremo confirmó la Sentencia del Tribunal de Instancia en cuanto ésta le impuso a Robert Vanbever y a la sociedad legal de gananciales constituida por éste y su esposa el pago a la parte demandante de la suma correspondiente a cánones atrasados.

10. La parte demandante de epígrafe invoca la determinación del Tribunal Supremo para instar la presente ■ acción a fin de que se reconozca que en efecto se convirtió en arrendador de los locales excluidos en el contrato original y que las actuaciones de la parte demandada fueron en violación al contrato y que por consiguiente tienen derecho al resarcimiento de los daños que se les ocasionaron.

De los hechos relacionados, nos encontramos con las siguientes controversias:

¿Constituye o no la Sentencia dictada en el caso núm. KAC-91-0883 cosa juzgada para la presente acción?

Si la determinación emitida por el Tribunal Supremo en el recurso de revisión 92-433 le da derecho a la parte demandante a instar la presente

### III

El artículo 1204 del Código Civil ■ dispone que:... *" Contra la presunción de que la cosa juzgada es verdad, sólo será eficaz la Sentencia ganada en juicio de revisión. Para que la presunción de cosa juzgada surta efecto en otro juicio, es necesario que entre el caso resuelto por la Sentencia y aquél en que ésta sea invocada, concurra la más perfecta identidad entre cosas, las causas, las personas de los litigantes y la calidad con que lo fueron..."* La calidad en que las partes lo fueron se refiere a su relación con los derechos y acciones que ejercitan. *Mercado v. Mercado,* 100 D.P.R. 940 (1972). ■

Para que prospere la defensa deben concurrir cuatro identidades: cosa y causa, personas y representación. Además se requiere una primera Sentencia válida, final y firme que haya adjudicado los hechos y haya resuelto una controversia en sus méritos. Sobre la identidad de las cosas *"puede tratarse de la absoluta identidad, en el sentido de que el segundo pleito se refiera a la finca u objeto mismo sobre que versó el primero, pero en general basta que se refiera al mismo asunto, aunque en el uno se abordase totalmente y sólo parcialmente en el otro, y aunque las cosas hayan sufrido disminución o alteración, desde el primero al segundo, que afecte su valor o alguna otras de sus condiciones".* Scaevola, *Código Civil,* Tomo XX, 2da Ed., 1958, p. 534.

Para los efectos de la cosa juzgada, la palabra causa tiene un sentido que no es de razón o motivo de un contrato o acto jurídico. Significa el fundamento capital, el origen de las acciones o excepciones planteadas y resueltas, y no debe confundirse con los medios de prueba ni con los fundamentos legales planteados por las partes. Aun cuando es posible el ejercicio sucesivo de diferentes acciones, podrá constituir lo primeramente resuelto cosa juzgada para el segundo, cuando la nueva causa de acción estuviera embebida en la primera, o fuese consecuencia inseparable de la misma. *Mercado v. Mercado, supra.*

En cuanto a la identidad de las personas el artículo 1204 del Código Civil dispone que se entiende que hay identidad de personas siempre que los litigantes del segundo pleito sean causahabientes de los que contendieron en el pleito anterior, o estén unidos ellos por vínculos de solidaridad o por los que establece la indivisibilidad de las prestaciones entre los que tienen derecho a exigirlas u obligación de satisfacerlas. El hecho de que otras personas configuren como parte en uno sólo de los pleitos no es óbice para que exista cosa juzgada entre las partes que configuran en ambos pleitos. *Ramos González v. Medina y otros,* 121 D.P.R. 312, (1988).

La Sentencia que se invoque debe tener el carácter de firme aun cuando haya sido dictada en rebeldía y el Tribunal que la dictó debe haber actuado con jurisdicción. La defensa no puede oponerse

cuando la Sentencia se obtuvo por fraude. *Bolker v. Tribunal Superior*, 82 D.P.R. 816, (1961).

En cuanto a su extensión se considera cosa juzgada, no sólo las cuestiones litigadas y adjudicadas, sino también aquellas que pudieron haberse litigado y adjudicado con propiedad, aun cuando no fueron planteadas. *Díaz v. Lacot*, 123 D.P.R. 261 (1989), *Riera v. Pizá*, 85 D.P.R. 268, (1962).

La doctrina del impedimento colateral por Sentencia puede plantearse en dos modalidades: defensiva u ofensivamente. Se levanta defensivamente por un demandado para impedir la litigación de un asunto ya planteado y perdido por el demandante en pleito anterior frente a otra parte; y se plantea ofensivamente, cuando un demandante impide a un demandado relitigar aquellos asuntos previamente litigados y perdidos frente a otra parte. La figura surte efectos cuando un hecho esencial para el pronunciamiento de una Sentencia se dilucida y determina mediante Sentencia final y válida; como resultado, tal determinación es concluyente en un segundo pleito entre las mismas partes, aunque estén envueltas causas de acción distintas. Nuestro Tribunal Supremo ha reconocido que la doctrina del impedimento colateral por Sentencia es una modalidad de la cosa juzgada, por lo que, para que se configure la figura jurídica deben concurrir los mismos requisitos de la cosa juzgada con excepción de la identidad de causas. A&P General Contractors, 110 D.P.R. 753 (1981).

La doctrina de cosa juzgada impide que se litigue en un pleito una reclamación que pudo haberse litigado y adjudicado en un pleito anterior entre las mismas partes, y sobre la misma causa de acción. *Mercado v. Mercado, supra.* La defensa de cosa juzgada en su aspecto de fraccionamiento de la causa de acción se aplica a toda reclamación posterior entre las mismas partes sobre el mismo asunto. El propósito es promover la finalidad de las controversias judiciales y evitar las continuas molestias a una parte con la presentación sucesiva de varios pleitos relacionados con el mismo asunto. *Zambrana v. Tribunal Superior*, 100 D.P.R. 179, (1971). Un litigante no puede fraccionar su causa de acción; si tiene una reclamación en el pleito que radica debe exponerla íntegramente y no parte de la misma. De no hacerlo, no puede permitírsele luego que radique una nueva querella por el remanente de la misma reclamación o causa de acción. *Avellanet v. Porto Rican Express Co.*, 64 D.P.R. 693 (1945).

Cuando una parte en un contrato indivisible ha dejado de cumplir dicho contrato dos o más veces, y la otra parte entabla una acción en su contra por uno o más incumplimientos, la Sentencia, ya sea a favor del demandante o del demandado, impide al demandante instituir luego una acción por cualquier incumplimiento del contrato llevado a cabo por el demandado antes de iniciarse la acción. Todos los incumplimientos del contrato con anterioridad al inicio del pleito son considerados como una sola causa de acción. *Avellanet v. Porto Rican Express, supra.*

## IV

Analicemos si la Sentencia dictada en número KAC-91-0883 constituye o no cosa juzgada para el presente pleito. Ambos litigios giran en torno al incumplimiento por la parte demandada de sus obligaciones bajo el contrato de arrendamiento de 31 de octubre de 1986 y del *"adendo"* al mismo suscrito el 5 de febrero de 1988. En ambos la parte demandante alega que el matrimonio Fagundo, en violación al *"adendo"*, no ha permitido a los demandantes el uso pacífico de la totalidad del inmueble; que alentaron a los inquilinos de los locales excluidos del contrato original a que no reconocieran a los esposos Colón como arrendadores; razones por las cuales se vieron obligados a presentar varias acciones de desahucio contra dichos inquilinos, todo esto ocasionándole daños a la parte demandante. En el caso civil núm. 91-0883 el Tribunal no acogió los planteamientos arriba expuestos y desestimó la demanda, los demandantes optaron por no recurrir de dicha determinación.

De un análisis de la demanda y Sentencia dictada en el caso civil número KAC-91-0883 y de la demanda del presente recurso, concluimos que la acción y Sentencia dictada en el caso civil número 91-0883 impide que los demandantes vuelvan a litigar las mismas reclamaciones ya que constituyen cosa juzgada. Tampoco han demostrado los demandantes que sus alegaciones y reclamaciones surjan de algún incumplimiento del contrato por parte de los demandados con posterioridad al inicio del pleito KAC-91-0883.

En cuanto al recurso de revisión 92-433 presentado ante el Tribunal Supremo, Sentencia dictada el 14 de junio de 1996, analizada la misma surge que los aquí demandantes no tenían derecho a exigir el desalojo ni a solicitar la compensación por daños basados en la demora en desalojar. Allí se limitó a

reconocer que los recurrentes se convirtieron en sub-arrendatarios de los esposos Colón, por lo que éstos tenían derecho a recibir los cánones de arrendamiento pagados por los recurrentes. Los esposos Fagundo no fueron parte en dicho pleito; no se resolvió que hubiesen incurrido en incumplimiento del contrato.

Por los fundamentos antes expuestos se declara No ha Lugar la solicitud de Sentencia Sumaria de la parte demandante, Ha Lugar la moción de desestimación presentada por la parte demandada. Se dicta Sentencia de conformidad. REGISTRESE Y NOTIFIQUESE. Dada en San Juan, Puerto Rico, hoy 28 de enero de 1997.

**BERTA MAINARDI PERALTA**
Juez Superior

**CERTIFICO:**

Carmen L. López Cruz
Secretaria General

**ESCOLIOS SENTENCIA DE LA**
**JUEZ SUPERIOR BERTA MAINARDI**

**1.** Revisión 92-433, sentencia de 14 de junio de 1996.

**2.** 31 L.P.R.A. 3343.

**3.** Escolio Número 2.