# 2002 DTA 113

### TRIBUNAL DE CIRCUITO DE APELACIONES
### CIRCUITO REGIONAL DE CAROLINA-FAJARDO

CAYO LARGO RESORT ASSOCIATES EN C. POR A.S.E.; CAYO LARGO HOTEL ASSOCIATES, S. EN C. POR A.S.E.; CAYO LARGO RESORT GP INC.
Apelados

v.

MARINA LAS GAVIOTAS CORP. REPRESENTADA POR SU PRESIDENTE, LCDO. ENRIQUE RODRIGUEZ NEGRON
Apelantes

Núm. KLAN-01-01226

San Juan, Puerto Rico, a 20 de junio de 2002

Panel integrado por su Presidente, el Juez Miranda De Hostos,
la Juez Hernández Torres y el Juez Martínez Torres

Miranda De Hostos, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

La parte apelante, Marina Las Gaviotas, Corp., *et als.* (Marina Las Gaviotas), nos solicita que revoquemos una sentencia del Tribunal de Primera Instancia, Sala Superior de Fajardo, que declaró con lugar la petición de *injunction* posesorio presentada por la parte apelada Cayo Largo Resort Associates, *et als.* (Cayo Largo). Además, solicita que revoquemos la resolución del tribunal de instancia declarando no ha lugar la solicitud de descalificación de la representación legal de la parte apelada, el licenciado José Luis Novas Dueño, que ésta presentara.

Alega, en síntesis, que erró el tribunal de instancia primero, al declarar no ha lugar la moción de desestimación haciendo caso omiso a la sentencia por acuerdo entre las partes dictada en otro caso ante el mismo foro; segundo, al no permitirle presentar su prueba testifical, violando así el debido proceso de ley; y tercero, al declarar no ha lugar la solicitud de descalificación de la representación legal de la parte apelada, en contravención a la Regla 5 del Reglamento Notarial de Puerto Rico.

Analizado el recurso presentado y su oposición, se confirma la sentencia en cuanto a que no procedía su desestimación por cosa juzgada y la descalificación del abogado de la parte apelada, y se revoca en cuanto a la adjudicación final del *injunction* posesorio.

Veamos los fundamentos.

### I

El 25 de junio de 2001, la parte apelada Cayo Largo Resort, presentó una demanda de *injunction* posesorio en contra de la parte apelante Marina Las Gaviotas, en la cual alegó que Marina Las Gaviotas la había perturbado en el hecho de la posesión de uso, paso y tránsito del camino municipal Quebrada Vueltas. (Ap. 5, págs. 76-101A.)

El 18 de julio de 2001, Marina Las Gaviotas presentó una moción de desestimación, alegando que el *injunction* posesorio solicitado por Cayo Largo no procedía, y que el mismo constituia cosa juzgada. Expresó que

el 24 de abril de 2001, el tribunal de instancia emitió una sentencia por acuerdo en el caso núm. NSCI200100197, *Marina Las Gaviotas, Corp. v. Cayo Largo Resort Associates S. en C.,* en la cual las partes acordaron que cualquier controversia de título se litigaría por la vía ordinaria y que dicha sentencia había advenido final y firme, por lo cual no procedía el *injunction* posesorio, ya que Cayo Largo no podía ir en contra de sus propios actos y litigar asuntos de titularidad mediante el *injunction*. Además, alegó que constituia cosa juzgada, pues en el caso núm. NSCI200100197, ya el tribunal de instancia había adjudicado la controversia entre las partes en cuanto a la posesión del camino municipal Quebrada Vueltas. (Ap. 7 págs. 95B-102.)

Cayo Largo se opuso a la moción de desestimación el 16 de agosto de 2001, alegando que la sentencia por acuerdo en el caso núm. NSCI200100197, no le había dado a Marina Las Gaviotas la posesión del camino municipal Quebrada Vueltas, pues no existía nada en dicha sentencia que requiriera la terminación del uso compartido del camino, que restringiera el tránsito por el mismo o que permitiera a Marina Las Gaviotas cerrarlo e impedir el paso y tránsito. (Ap. 10, págs. 123-138.)

Además argumentó que la doctrina de cosa juzgada no procedía, pues no existía identidad de partes, ya que en el primer caso Hotel Associates no fue parte. Además, alegó que no existía identidad de cosas y causas, pues en el primer caso de *injunction* posesorio presentado por Marina Las Gaviotas, la controversia había sido sobre unos tubos de metal que había colocado Cayo Largo por más de un (1) año en terrenos poseídos por Marina Las Gaviotas. Por otra parte, en el *injunction* posesorio del caso de autos presentado por Cayo Largo, la controversia era sobre la interrupción de la posesión y el impedimento de tránsito a Cayo Largo por el camino municipal Quebrada Vueltas por parte de Marina Las Gaviotas. (Ap. 10, págs. 123-138.)

Finalmente, Cayo Largo alegó que la doctrina de actos propios tampoco procedía, pues con el segundo *injunction* posesorio no se estaba presentando controversia alguna sobre la titularidad del camino municipal de Quebrada Vueltas, sino sobre la posesión, por lo que no estaba violando de ninguna forma la sentencia en la que las partes acordaron que cualquier controversia de titularidad se vería por la vía ordinaria. (Ap. 10, págs. 123-138.)

El 18 de julio de 2001, Marina Las Gaviotas solicitó la descalificación de la representación legal de Cayo Largo el licenciado José Luis Novas Dueño. Alegó que éste había otorgado la Escritura 14 en la cual figuraba como propiedad de Cayo Largo el camino municipal Quebrada Vueltas, propiedad objeto del litigio, por lo que existía un conflicto de intereses que le impedía ser el abogado de Cayo Largo en la petición del *injunction* posesorio. Además, argumentó que de acuerdo a la Regla 5 del Reglamento Notarial de Puerto Rico, el licenciado José Luis Novas Dueño estaba ejerciendo una indebida actuación dual de abogado y notario que estaba prohibida. (Ap. 8, págs. 103-107.)

El licenciado José Luis Novas Dueño presentó su oposición a la solicitud de descalificación el 10 de agosto de 2001. Alegó que la Regla 5 del Reglamento Notarial no era de aplicación, pues en la Escritura 14, Marina Las Gaviotas no había sido parte, por lo que él no había representado a ambas partes en el otorgamiento y tampoco había actuado como notario en el caso de autos según lo establece la regla. (Ap. 9, págs. 108-122.)

Luego de varios trámites referentes a las mociones antes mencionadas, los días 5, 6, y 25 de septiembre de 2001, el tribunal de instancia celebró vista para la discusión de las mismas, en la cual sólo declaró el señor Daniel Shelley presidente de Cayo Largo Resort GP, Inc. y Cayo Largo Hotel GP, Inc., las cuales son las entidades corporativas que a su vez son los socios gestores de dos (2) sociedades especiales llamadas Cayo Largo Resort Associates, S. en C. por A.S.E. y Cayo Largo Hotel Associates, S. en C. por A. Las corporaciones y sociedades especiales presididas por el señor Daniel Shelley se dedican al desarrollo del complejo turístico conocido como Cayo Largo Hotel. (E.E.P., págs. 1-2.)

De acuerdo al testimonio del señor Daniel Shelley, Cayo Largo utilizó el camino municipal Quebrada

Vueltas por trece (13) años hasta el 6 de junio de 2001, cuando Marina Las Gaviotas cerró el camino, afectando a Cayo Largo en la construcción del proyecto hotelero. (E.E.P., pág. 3.)

El señor Daniel Shelley declaró que el 23 de septiembre de 1999, la Autoridad de Tierras, quien es la propietaria de los terrenos colindantes a la propiedad de Marina Las Gaviotas, otorgó a favor de Cayo Largo un derecho de servidumbre de paso por la suma de $55,000.00, mediante la Escritura Núm. 87 ante el Notario Público Francisco Arriví Silva. La servidumbre de paso para tener acceso a Cayo Largo Hotel consiste en dos (2) tramos de terrenos separados que discurren adyacentes a todo lo largo del camino municipal Quebrada Vueltas, excepto en un tramo que discurren entre las parcelas propiedad de Marina Las Gaviotas. Desde el año 1995, el señor Daniel Shelley realizó gestiones con la Autoridad de Tierras para obtener el derecho de servidumbre de paso y siempre se habló que fuera de trece (13) metros de ancho. (E.E.P., págs. 3-4.)

Según el testimonio del señor Daniel Shelley, la construcción de Cayo Largo Resort comenzó en febrero de 2000. Para febrero de 2001, Cayo Largo colocó unos tubos de acero a lo largo del camino municipal Quebrada Vueltas, incluyendo la porción del camino que quedaba entre las parcelas de Marina Las Gaviotas con la intención de soterrar los mismos, a lo cual se opuso Marina Las Gaviotas presentando una petición de *injunction* posesorio el 1 de marzo de 2001, y el 30 de marzo, el tribunal de instancia emitió sentencia por acuerdo entre las partes de dicho caso. (E.E.P., pág. 4.)

Finalmente, el señor Daniel Shelley declaró que el camino Quebrada Vueltas no está asfaltado, no tenía pasadizo nivelado de brea o cemento ni acera o encintado. Tampoco tenía rótulos municipales o estatales y nunca vio en el camino empleados municipales que trabajaran en su mantenimiento. El camino fue ensanchado hasta trece (13) metros de acuerdo al derecho de servidumbre de paso adquirido de la Autoridad de Tierras. Además, a pesar de que Cayo Largo cerrara sus propiedades al público cercando las mismas e instalando rótulos de propiedad privada, las fincas no están enclavadas. Inclusive, el día de la inspección ocular, se utilizó el camino asfaltado que da acceso a la Caretera Núm. 3 y el cual está en las cercanías de Marina Puerto del Rey. (E.E.P., pág. 5.)

Luego de presentado el testimonio del señor Daniel Shelley, el tribunal de instancia determinó que tenía suficientes elementos para resolver la solicitud de desestimación y descalificación del abogado de Cayo Largo. Marina Las Gaviotas hizo una oferta de prueba testifical, pericial y documental, y el tribunal de instancia le ordenó que reiterara su oferta de prueba por escrito en caso de que la moción de desestimación se declarara sin lugar. El 28 de septiembre de 2001, Marina Las Gaviotas presentó la moción en cumplimiento de orden para reiterar oferta de prueba testifical, pericial y documental, **pero enfatizando que de denegarse la moción de desestimación, se reservaba el derecho de presentar prueba testifical, documental y pericial sobre los méritos de la demanda**. (Ap. 15, págs. 281-285.)

El 25 de septiembre de 2001, el tribunal de instancia emitió una orden a las partes para que sometieran sus respectivos proyectos de sentencia tanto para la solicitud de desestimación del *injunction* posesorio como para la solicitud de descalificación de la representación legal de Cayo Largo, el licenciado José Luis Novas Dueño. (Ap. 16, pág. 286.)

Así las cosas, el 7 de noviembre de 2001, el tribunal de instancia dictó sentencia declarando no ha lugar la solicitud de desestimación de Marina Las Gaviotas, en la cual determinó que el *injunction* posesorio presentado por Cayo Largo, no era sobre la titularidad, sino por el hecho de la posesión del uso, paso y tránsito por el camino municipal Quebrada Vueltas. Por lo cual, las alegaciones de Cayo Largo en cuanto a que era cosa juzgada y de los actos propios en nada impedían que Cayo Largo solicitara el *injunction* posesorio para que se le protegiera el alegado derecho a la posesión. (Ap. 1, págs. 1-21.)

El 7 de noviembre de 2001, el tribunal de instancia también emitió resolución declarando no ha lugar la

solicitud de descalificación del licenciado José Luis Novas Dueño. Determinó que Marina Las Gaviotas, ni sus antecesores en título fueron parte en la Escritura 14 y los derechos reclamados por Cayo Largo tampoco surgen de dicha escritura, por lo que la Regla 5 del Reglamento Notarial de Puerto Rico, no era de aplicación. Además, declaró con lugar la solicitud de *injunction* posesorio, en sus méritos, pues determinó que no existía controversia en cuando al hecho de la posesión por más de (1) año, reconociendo que la única prueba testifical recibida fue de la parte demandante aquí apelada Cayo Largo. (Ap. 1-2, págs. 1-38.)

Inconforme con las determinaciones del tribunal de instancia, la parte apelante Marina Las Gaviotas, acude ante nos.

## II

Expuestos los hechos pertinentes a la controversia, procedemos a exponer el derecho aplicable y su aplicación a los hechos.

## A

Como primer error, alega la parte apelante que erró el tribunal de instancia al declarar no ha lugar la moción de desestimación, haciendo caso omiso a la sentencia por acuerdo entre las partes dictada en otro caso ante el mismo foro.

No le asiste razón.

### La norma de cosa juzgada

La doctrina de cosa juzgada tiene como principio fundamental, no permitir que se someta a un ciudadano en más de una ocasión a relitigar la misma causa. *Vázquez v. A.R.P.E.,* 128 D.P.R. 513, 535 (1991); *Rodríguez Rodríguez v. Colberg Comas,* 131 D.P.R. 212, 219 (1992).

La doctrina de cosa juzgada emana del Artículo 1204 del Código Civil, el cual establece que para que la doctrina de cosa juzgada proceda en derecho, es necesario que entre ambos casos exista la más perfecta identidad entre las cosas, causas, personas de los litigantes y la calidad en que comparecieron. 31 L.P.R.A. sec. 3343; *Acevedo v. Western Digital Caribe Inc.,* 140 D.P.R. 452, 465 (1996).

El efecto de aplicar la doctrina de cosa juzgada es que la sentencia dictada en el pleito anterior, impide en un pleito posterior entre las mismas partes y sobre la misma causa de acción y cosas, la litigación de cuestiones ya litigadas y adjudicadas. Asimismo, también impide la litigación de aquellas cuestiones que pudieron haber sido litigadas y adjudicadas en la acción anterior. *Pagán Hernández v. U.P.R.,* 107 D.P.R. 720, 732-733 (1978); *Mercado Riera v. Mercado Riera,* 100 D.P.R. 940, 950 (1972).

### Aplicación del derecho a los hechos

La petición de *injunction* posesorio presentada por Marina Las Gaviotas el 5 de marzo de 2001 en el caso número NSCI200100197, *Marina Las Gaviotas, Corp. v. Cayo Largo Resort Associates S. en C.,* fue presentada sólo en contra de Cayo Largo Resort Associates S. en C. Por A. S.E., y en la misma, la parte apelante solicitó lo siguiente:

"...

*POR TODO LO CUAL, se solicita muy respetuosamente de este Honorable Tribunal, se sirva de ordenar a la parte demandada [la aquí parte apelada Cayo Largo] a retirar los tubos de acero y cualquier otro material de construcción en la propiedad del demandante [la aquí parte apelante Marina Las Gaviotas] y que se*

*abstenga por sí o a través de cualquier otra persona natural o jurídica que en representación de los demandados, de construir un soterrado o cualquier otra obra en la propiedad de la demandante por constituir esto un acto ilegal, con la especial imposición de las costas, gastos de procedimientos y honorarios de abogado. (Enfasis suplido.)*

    *...".*

(Ap. 4, pág. 49.)

En la sentencia por acuerdo entre las partes en dicho caso, el tribunal de instancia expresó lo siguiente:

"...

*1. Las obras de construcción de soterrado de tubos de agua no se comenzarán, excepto que para ello, la demandada obtenga previamente los correspondientes permisos de construcción de ARPE y de cualquier otra entidad gubernamental con jurisdicción sobre la materia. Además, una vez la demandada presente la referida solicitud de permiso, notificará con copia de la misma a la demandante.*

*2. La parte demandada, en o antes del próximo viernes 6 de abril de 2001, removerá los tubos de acero que están ubicados entre las parcelas A y B descritas en el párrafo uno (1) de la Petición, al lado este u oeste de las mismas sin perjuicio de litigar en una acción ordinaria, las respectivas contenciones de las partes respecto a la titularidad y configuración física del área llamado "camino municipal" entre ambas parcelas.*

    *...".*

(Ap. 3, págs. 40-41.)

Por otro lado, en el caso ante nuestra consideración presentado en contra de Marina Las Gaviontas, figuran como peticionarios: 1) Cayo Largo Resort Associates, S. en C. Por A.S.E.; 2) Cayo Largo Hotel Associates, S. en C. Por A.S.E.; 3) Cayo Largo Resort GP, Inc.; y 4) Cayo Largo Hotel GP, Inc. En la petición de *injunction* posesorio, la parte apelada solicitó lo siguiente:

"...

*POR TODO LO CUAL, respetuosamente se solicita de este Honorable Tribunal que se emita injunction para recobrar la posesión material de la propiedad que constituye el **TRAMO DE CAMINO ENTRE A Y B** por haber sido perturbadas las peticionarias en la posesión o tenencia de dicha propiedad por actos de la demandada **LAS GAVIOTAS** que: (1) manifiestan la intención de inquietar o despojar a las peticionarias de su posesión o tenencia, y que (2) han efectivamente despojado a las peticionarias de dicha posesión o tenencia; ordenándose que las peticionarias sean restablecidas en dicha posesión y tenencia; y requiriéndose a **LAS GAVIOTAS** para que en lo sucesivo se abstenga de cometer tales actos u otros que manifiesten el mismo propósito o impidan el disfrute de dicha posesión y tenencia, todo ello bajo apercibimiento de desacato al Tribunal por desobediencia al injunction y sin perjuicio de los derechos de las aquí peticionarias a recobrar y obtener de **LAS GAVIOTAS** compensación monetaria por los extensos daños y perjuicios causados por dicha actuación de **LAS GAVIOTAS** y sufridos por las peticionarias. (Enfasis suplido.)*

    *...".*

(Ap. 1, págs. 91A-92A.)

De lo antes citado, surge claramente que entre la primera petición de *injunction* presentada por Marina Las Gaviotas y la segunda presentada por Cayo Largo, no existe identidad entre las cosas, causas, personas de los litigantes y la calidad en que comparecieron.

Primero, en la primera petición, la solicitud de Marina Las Gaviotas fue a los fines de que Cayo Largo retirara unos tubos de acero y la presente petición es a los fines de que Marina las Gaviotas alegadamente está interrumpiendo la posesión del paso de Cayo Largo por el camino municipal. Segundo, en la primera petición las partes eran Marina Las Gaviotas y Cayo Largo Resort Associates S. en C. Por A.S.E. y en la presente petición, las partes son Marina Las Gaviotas y Cayo Largo Resort Associates, S. en C. Por A.S.E., Cayo Largo Hotel Associates, S. en C. Por A., S.E., Cayo Largo Resort GP, Inc. y Cayo Largo Hotel GP, Inc. Tercero, en la primera petición, Marina Las Gaviotas comparece en calidad de peticionaria y en la presente petición comparece en calidad de demandada.

Concluimos que el tribunal de instancia actuó conforme a derecho al no aplicar la doctrina de cosa juzgada.

**B**

Como segundo error, alega la parte apelante que erró el tribunal de instancia al no permitirle presentar su prueba testifical, al adjudicar de manera final el *injunction* posesorio violando así el debido proceso de ley.

El error fue cometido. Veamos porqué.

**El debido proceso de ley**

En su vertiente procesal, el debido proceso de ley impone al Estado la responsabilidad de garantizar un procedimiento justo y equitativo cuando interfiera con intereses de libertad o propiedad. *Durán v. Banco Popular de Puerto Rico*, opinión de 2 de octubre de 2000, **2000 J.T.S. 156**, pág. 177, nota 17.

Nuestro ordenamiento jurídico descansa en el principio que todo proceso debe satisfacer los requisitos del debido proceso de ley, el cual incluye lo siguiente: 1) la notificación adecuada de la reclamación que se presenta; 2) que se lleve a cabo ante un juez imparcial; 3) **la oportunidad de ser oído**; 4) **el derecho a contrainterrogar de manera efectiva los testigos que se presenten y rebatir la prueba en su contra**; 5) que la decisión se fundamente en el récord judicial; y 6) el derecho a estar representado por abogado. *Alvarez Elvira v. Arias Ferrer,* opinión de 18 de marzo de 2002, **2002 J.T.S. 37**, pág. 825; *Rodríguez v. Stowell Taylor*, 133 D. P.R. 881, 888-889 (1993).

Es un principio fundamental del debido proceso de ley el deber de otorgar a un individuo el derecho a ser oído, antes de que sea despojado de un interés protegido, excepto en aquellas situaciones en que existan circunstancias extraordinarias. Además, la privación de la libertad o propiedad sin la oportunidad de ser oído en ocasiones puede ser fuente de responsabilidad civil. *Rodríguez v. Stowell Taylor, supra*, págs. 889-890.

Nuestro más alto foro ha expresado que el debido proceso de ley procesal *"no es un molde riguroso que se da en el abstracto, pues su naturaleza es eminentemente circunstancial y pragmática, no dogmática"*. *Partido Acción Civil v. E.L.A.,* opinión de 25 de febrero de 2000, **2000 J.T.S. 33**, pág. 682.

**Aplicación del derecho a los hechos**

La vista celebrada el 25 de septiembre de 2001, fue sólo a los fines de discutir la moción de desestimación y la solicitud de descalificación del abogado de Marina Las Gaviotas. En dicha vista, el tribunal de instancia no le permitió a Cayo Largo la presentación de su prueba testifical, pericial y documental.

En la moción en cumplimiento de orden para reiterar oferta de prueba testifical, pericial y documental, la parte apelante expresó lo siguiente:

"...

*[...]. La parte demandada informó que hacía una oferta de prueba testifical y pericial, que estaban bajo las reglas del Tribunal, así como prueba documental. **También, el Tribunal determinó considerar la moción de desestimación presentada por el demandado sin renunciar el demandado a su derecho de ofrecer prueba testifical, pericial. El Tribunal le ordenó a la parte demandada que reiterara su oferta de prueba (testifical, pericial y documental) por escrito en el caso de que la moción de desestimación sea declarada sin lugar.** (Énfasis suplido.)*

...".

(Ap. 15, pág. 281.)

De un examen de los autos, surge que se le violó el debido proceso de ley a Marina Las Gaviotas, pues no se le permitió presentar su prueba. El tribunal de instancia celebró vista para dilucidar la solicitud de desestimación y de descalificación, por lo cual sólo debió haber emitido resolución a esos efectos.

Sobre la petición de *injunction* posesorio, no se ha celebrado vista y Marina Las Gaviotas fue clara en su moción en cumplimiento de orden al expresar que reiteraba su oferta de prueba en la eventualidad de que la moción de desestimación fuera declarada no ha lugar, como en efecto lo fue. Además, el tribunal de instancia claramente expresa en su sentencia que sólo consideró "*prueba testifical de la parte demandante y documental de ambas partes*". (Ap. 1, pág. 2.) Por lo cual, el tribunal de instancia le privó a la parte apelante el derecho a ser oído y presentar prueba.

Concluimos que incidió el tribunal de instancia al declarar con lugar la petición de *injunction* de la parte apelada, sin permitirle a la parte apelante presentar prueba a su favor, violando así el debido proceso de ley. Con más razón, cuando la parte apelada reconoce en su escrito que la prueba testifical de la parte apelante no fue presentada en la vista ante el tribunal de instancia, y que de haberse recibido no hubiese cambiado el dictamen. (Alegato de la parte apelada, pág. 20.)

C

Como tercer error, alega la parte apelante que erró el tribunal de instancia al declarar no ha lugar la solicitud de descalificación de la representación legal de la parte apelada, en contravención a la Regla 5 del Reglamento Notarial de Puerto Rico.

El error no fue cometido.

**La Regla 5 del Reglamento Notarial de Puerto Rico**

La Regla 5 del Reglamento Notarial de Puerto Rico establece lo siguiente:

"*La práctica de la profesión de abogado puede ser en algunas ocasiones incompatible con la práctica de la notaría.*

*El notario autorizante de un documento público está impedido de actuar posteriormente como abogado de una de las partes otorgantes **para exigir en un litigio contencioso las contraprestaciones a que se haya obligado cualquier otra parte en el documento otorgado ante él.***

*El notario está impedido de representar como abogado a un cliente en la litigación contenciosa y, a la vez, servir de notario en el mismo caso por el posible conflicto de intereses o incompatibilidades que puedan dimanar del mismo.*

*...*

*Queda siempre al sano juicio del notario y sus socios o compañeros de oficina, dentro de su responsabilidad profesional, decidir cuándo deben abstenerse de actuar aun en casos en que su actuación estuviere permitida, pero que por sus particulares circunstancias en la dimensión ética podrían generar un potencial de conflicto o la apariencia de conducta impropia.*" (Énfasis suplido.)

4 L.P.R.A. XXIV.

Nuestro más alto foro ha expresado lo siguiente en cuanto al alcance de la Regla 5, *supra*:

*...*

"*3. Las prohibiciones específicas contenidas en la transcrita Regla 5 se refieren, en primer lugar, al conflicto que se crea cuando un notario, que representó a ambas partes en el otorgamiento de una escritura, actúa posteriormente como abogado de una de las partes en un caso relacionado con el otorgamiento de la escritura. In re: Colón Ramery, 133 D.P.R. 555 (1993), y, en segundo lugar, a situaciones en que un abogado, en función de notario, le toma juramento a su cliente en un caso contencioso. Negrón, et al. v. Superintendente de Elecciones, 11 D.P.R. 366 (1906); In re: Rosario Maysonet, res. 9 de diciembre de 1996, 142 D.P.R. ___ (1996).*

*...*".

*In re: César A. Matos Bonet*, opinión de 23 de enero de 2001, **2001 J.T.S. 14**, pág. 812, escolio 3.

Además, nuestro más alto foro expandió la aplicación de la Regla 5, *supra*, para establecer que un abogado debe abstenerse de autorizar como notario un documento público en cuanto a una propiedad que es objeto del litigio en el cual él participa como abogado de una de las partes otorgantes. *In re: César A. Matos Bonet, supra*, págs. 811-812

De la norma antes expresada surge claramente que la prohibición de la Regla 5, *supra*, es de aplicación cuando: 1) el abogado que autorizó como notario un instrumento público representa a uno de los otorgantes en un litigio para exigir el cumplimiento de lo pactado; 2) el abogado autoriza como notario un documento público en relación con una propiedad que es objeto de un litigio en el cual participa como abogado de uno de los otorgantes; y 3) el abogado, como notario, le toma juramento a su cliente en un caso contencioso.

Por último, al evaluar una moción de descalificación, el tribunal debe evaluar los intereses en conflicto. Para ello, debe tomar en consideración los siguientes elementos: 1) si el promovente de la solicitud de descalificación tiene legitimación activa para invocarla; 2) la gravedad del conflicto de intereses involucrado; 3) la complejidad del derecho o los hechos pertinentes a la controversia y el "*expertise*" de los abogados involucrados; 4) la etapa en que se encuentran los procedimientos y su posible efecto en cuanto a las resolución justa, rápida y económica; y 5) el propósito de la solicitud de descalificación. *Liquilux Gas Corp. v. Berríos, Zaragoza*, 138 D.P.R. 855, 864-867 (1995).

**Aplicación del derecho a los hechos**

La parte apelante, Marina Las Gaviotas, no tiene legitimación activa para solicitar la descalificación de la representación legal de la parte apelada Cayo Largo, el licenciado José Luis Novas Dueño. Marina Las Gaviotas en nada se vio afectada por la otorgación de la Escritura 14 y, por consiguiente, en nada le perjudica el hecho de que la representación legal de Cayo Largo haya otorgado dicha escritura.

Por otro lado, Marina Las Gaviotas no fue parte otorgante en la Escritura Núm. 14 otorgada por la representación legal de la parte apelada, por lo cual la representación legal no representó a ambas partes en la otorgación de la escritura y mucho menos está exigiendo el cumplimiento de lo pactado a una de las partes otorgantes. Tampoco estamos ante una situación en la cual el abogado de la parte apelada haya actuado en su función de notario para tomarle juramento a su cliente.

Asimismo, la controversia planteada en la petición de *injunction* posesorio sobre el hecho de la posesión por uso, paso y tránsito, no tiene relación alguna con la otorgación de la Escritura 14. Por lo tanto, el que la representación legal de la parte apelada haya otorgado la Escritura 14, en nada afecta los derechos de la parte apelante en el caso de autos.

Concluimos que el tribunal de instancia actuó conforme a derecho al declarar no ha lugar la descalificación de la representación legal de la parte apelada Cayo Largo.

### III

Por los anteriores fundamentos, se confirma la sentencia en cuanto a que no procedía la desestimación del *injunction* posesorio por cosa juzgada y la descalificación del abogado de la parte apelada, y se revoca en cuanto a la adjudicación final del *injunction* posesorio, por emitirse sin haberse celebrado vista.

Se le ordena al Tribunal de Primera Instancia que celebre una vista y adjudique en los méritos el *injunction* posesorio.

Lo acordó y manda el Tribunal y lo certifica la Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General